MICHAEL COLIHAN- ATTORNEY AT LAW

44 Court Street
Suite 906
Brooklyn, New York 11201

Phone (718) 488-7788

212 788 9776 212 356 3509

3/12/2015

TO: DAVID MICHAEL POLLACK, ESQ.

FROM: Michael Colihan

RE : Serrano v the City of New York 14-cv- 02183

   Attached is the plaintiff's proposed second amended complaint. Please advise by 3/13/2015 as to whether or not you consent to its amendment. The only change I've made is to replace the names of actual people with the John Does of the complaint. This was also sent via email & regular mail Please acknowledge receipt .

   Please also send me your Rule 26 disclosure which is overdue Thanks MC

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------------x
PETER SERRANO

                            Plaintiff                      14-cv-02183

      -against-

                                                                              SECOND AMENDED
                                                                        COMPLAINT
                                                                        PLAINTIFF DEMANDS
THE CITY OF NEW YORK                         TRIAL BY JURY
POLICE OFFICER AGIS, , Sh. # 7661, SGT. PAUL
DUBROSKI, Sh. # 3758, DET. JOSE GORDIAN, Sh. # 19453
DET. ANTHONY DISIMONE, Sh. # 340, LT. EDWARD
TAVARAS, LT. JOSEPH KOURAKOS, DET. JOSE VALENTIN
Sh. # 4489, DET. ALBERTO PIZARRO., Sh. # 4954
P.O. JOSE GORDIAN, Sh. # 19453, P.O. DAVID DILLON,
Sh. # 3469 NOEL MELENDEZ, Sh. # 2519, P.O. JOSE
GORDIAN, Sh. # 19453, P.O. DAVID DILLON, Sh. #
19453, P.O. BELINDA DELGADO, Sh. # 3469, P.O.
WILLIAM SANTIAGO, Sh. # 14702, DET. DANNY LIM,
Sh. # 511 and POLICE OFFICER JOHN DOE 1-10

                        Defendants
-------------------------------------------------------------------------X

**PRELIMINARY STATEMENT**

    1. This is a civil action for damages brought pursuant to redress the deprivation by defendants of the rights secured to plaintiff under the Constitution and laws of the United States and State of New York. The defendants, upon information & belief, without a warrant and without probable cause, unlawfully arrested and falsely imprisoned the plaintiff PETER SERRANO on multiple occasions Malicious prosecution is claimed as well The charges were false and were eventually dismissed after the plaintiff suffered wrongful incarceration. The plaintiff did not consent to the confinement on any of the occasions as set forth below and it was not otherwise privileged..  By the filing of this complaint, the plaintiff now alleges that the City of New York &

the New York City Police Department violated his rights under 42 USC Section 1983, the 4th Amendment of the United States Constitution and New York State law. In addition, the plaintiff invokes the pendant jurisdiction of this court to assert claims arising under state law

2. That the jurisdiction of this Court is invoked under the provisions of Section 1331 & 1343 of Title 28 and Sections 1983 & 1988 of Title 42 of the United States Code . Plaintiff further invokes the supplemental jurisdiction of this Court pursuant to 28 USC Section 1367 to hear and decide their New York State Law claims of false arrest, false imprisonment and the intentional and negligent infliction of mental & emotional distress against the individual defendant police officers.   These state law claims form part of the same case and controversy as plaintiff's federal claims under Article III of the United States Constitution.

3. Because plaintiff's state law claims are brought only against the individual defendant police officers and allege intentional conduct, no notice of claim is required. In suits against municipal or county employees, as opposed to suit against municipalities themselves, " service of the notice of claim upon the public corporation shall be required only if the corporation has a statutory obligation to indemnify such person under this chapter or any other provision of law" N.Y. Gen. Mun. Law Section 50- e (1) n(b)

4. The acts complained of above are not an isolated incident. They are part of a pattern of abuse by the New York City Police department in the City of New York of false arrests, particularly against minorities. The motivation includes but is not limited to obtaining overtime compensation, the statistical needs of the NYPD, and other improper motives.

## PARTIES

5. That at all times hereinafter mentioned, the plaintiff PETER SERRANO was and still is a resident of the City & State of New York.

6. Upon information and belief the defendant THE CITY OF NEW YORK was and is a municipal corporation organized and existing under the laws of the City and State of New York.

7. That the defendants POLICE OFFICER AGIS, , Sh. # 7661, SGT. PAUL DUBROSKI, Sh. # 3758, DET. JOSE GORDIAN, Sh. # 19453,DET. ANTHONY DISIMONE, Sh. # 340, LT. EDWARD TAVARAS, LT. JOSEPH KOURAKOS, DET. JOSE VALENTIN Sh. # 4489, DET. ALBERTO PIZARRO., Sh. # 4954  P.O. JOSE GORDIAN, Sh. # 19453, P.O. DAVID DILLON, Sh. # 3469 NOEL MELENDEZ, Sh. # 2519, P.O. JOSE GORDIAN, Sh. # 19453, P.O. DAVID DILLON, Sh. # 19453, P.O. BELINDA DELGADO, Sh. # 3469, P.O. WILLIAM SANTIAGO, Sh. # 14702, DET. DANNY LIM, Sh. # 511 and POLICE OFFICER JOHN DOE 1-10

## STATEMENT OF RELEVANT FACTS FIRST INCIDENT

8. That on or about the 6th day of May, 2011 the plaintiff was lawfully in in the County of Bronx, City and State of New York. The plaintiff was committing no crime at that time and was not acting in a suspicious manner.

9. That while at the aforesaid time and place the plaintiff was unlawfully and without just cause, approached, accosted, assaulted, falsely arrested and falsely imprisoned by the aforementioned officers of THE NEW YORK CITY POLICE DEPARTMENT who were agents,

servants and employees of the defendant THE CITY OF NEW YORK who were acting under color of law during the aforesaid transactions, including but not limited to   POLICE OFFICER JOHN DOE 1-10.

10. That the plaintiff was wrongfully incarcerated. He was arrested under arrest number B11637899.

11. While the plaintiff was being held, his designated " arresting officer JOHN DOE, with the acquiescence of other defendants, misrepresented facts in the police reports and other documents that the plaintiff had committed offenses when in fact this was not true.

12. Upon information and belief, defendant's motives in filing these false charges was to cover up their misconduct, obtain overtime compensation and obtain credit for an arrest, and cover up the misconduct of other police officers.

13. Upon information and belief, defendants misrepresented to the Bronx County District Attorney's Office and the Criminal Court of the City of New York and County of Bronx that the plaintiff had committed one or more offenses.  Their motives in filing these false charges was to cover up their misconduct, obtain overtime compensation and obtain credit for an arrest..

14. That the Bronx County District Attorney declined prosecution of this action.

15.  That by reason of the foregoing the plaintiff suffered  and suffered  serious and severe physical and psychological injuries, some of which, upon information & belief are permanent in nature, and wrongful and false imprisonment.

### STATEMENT OF RELEVANT FACTS SECOND INCIDENT

16. That on or about the 29th day of March, 2012 the plaintiff was lawfully in in the County of Bronx, City and State of New York. The plaintiff was committing no crime at that time and was not acting in a suspicious manner.

17. That while at the aforesaid time and place the plaintiff was unlawfully and without just cause, approached, accosted, assaulted, falsely arrested and falsely imprisoned by the aforementioned officers of THE NEW YORK CITY POLICE DEPARTMENT who were agents, servants and employees of the defendant THE CITY OF NEW YORK who were acting under color of law during the aforesaid transactions, including but not limited to the individually named officers and POLICE OFFICER JOHN DOE 1-10

18. That the plaintiff was wrongfully incarcerated and maliciously prosecuted. He was prosecuted under docket number 2010RI3744 of the Criminal Court of the City of New York & County of Bronx. The charges included violation of New York State Penal Law 265.00

19. While the plaintiff was being held, his designated " arresting officer P.O. John Doe, with the acquiescence of other defendants, misrepresented facts in the police reports and other documents that the plaintiff had committed offenses when in fact this was not true. These other officers include, but were not limited to

20. Upon information and belief, defendant's motives in filing these false charges was to cover up their misconduct, obtain overtime compensation and obtain credit for an arrest, and cover up the misconduct of other police officers.

21. Upon information and belief, defendants misrepresented to the Bronx County District

Attorney's Office and the Criminal Court of the City of New York and County of Bronx that the plaintiff had committed one or more offenses.  Their motives in filing these false charges was to cover up their misconduct, obtain overtime compensation and obtain credit for an arrest..They were acting under color of law at all times herein mentioned

22. That the defendants continued with the prosecution of this action even though they knew the charges were false and baseless.  This was done deliberately and with the intent of harassing and damaging the plaintiff. The malicious prosecution continued until March of 2014 forcing the plaintiff to make numerous court appearances .The docket number was 2012BX019278 and the Indictment Number was 01527/2012

23. That on or about the 13th day of March, 2013 the plaintiff was found not guilty after a jury trial before Justice Newbauer in Bronx County Supreme Court.

24.  That by reason of the foregoing the plaintiff suffered  and suffered  serious and severe physical and psychological injuries, some of which, upon information & belief are permanent in nature.

**FIRST CLAIM OF FALSE ARREST , IMPRISONMENT AND MALICIOUS PROSECUTION UNDER STATE LAW AGAINST THE CITY OF NEW YORK AND THE  INDIVIDUALLY NAMED  POLICE OFFICERS**

25. Plaintiff repeats the foregoing allegations

26. At all relevant times, plaintiff had not committed any crime or offense and did not act in a suspicious manner.

27. Despite the innocence of the plaintiff, the defendants arrested him and or failed to intervene to prevent said false arrest

28. Defendants continued with the prosecution of the aforementioned fort. criminal cases even though the charges were false ed and baseless in order to intentionally damage and harass the plaintiff         .

29. Accordingly, defendant are labile to plaintiffs under New York State for false arrest and imprisonment, as per the Fourth Amendment. for the incident as set forth above..

**SECOND CLAIM INTENTIONAL INFLICTION OF MENTAL &  EMOTIONAL DISTRESS AS AGAINST THE NEW YORK CITY POLICE DEPARTMENT AND THE INDIVIDUALLY NAMED NEW YORK CITY POLICE  OFFICERS**

30. Plaintiff repeats the foregoing allegations

31. At all relevant times, plaintiff had not committed any crime or offense and did not act in a suspicious manner.

32. Despite the innocence of the plaintiff, the defendants arrested him and or failed to intervene to prevent said false arrest.

33. Defendant's actions in making false allegations against the plaintiff ,in injuring her,  in arresting her, in incarcerating her, in forcing her to make repeated appearances in court before this case was dismissed, amounts to conduct intolerable in a civilized society which has caused the plaintiff emotional distress.

34. Accordingly, the individual defendants are liable to the plaintiff under the law of the state of New York for the intentional infliction of mental distress. for the incident complained of.

## THIRD CLAIM FOR THE NEGLIGENT INFLICTION OF MENTAL &  EMOTIONAL DISTRESS AS AGAINST THE CITY OF NEW YORK AND  INDIVIDUALLY NAMED NEW YORK CITY POLICE   OFFICERS

35. Plaintiff repeats the foregoing allegations

36. At all relevant times, plaintiff had not committed any crime or offense and did not act in a suspicious manner.

37 Despite the innocence of the plaintiff, the defendants arrested her and or failed to intervene to prevent said false arrest.

38. Defendant's actions in making false allegations against the plaintiff, in injuring him,  in arresting her, in incarcerating her, in forcing her to make repeated appearances in court before this case was dismissed, amounts to conduct intolerable in a civilized society which has caused the plaintiff emotional distress.

39. Accordingly, the individual defendants are liable to the plaintiff under the law of the state of New York for the negligent infliction of mental distress. for the incident complained of..

## FOURTH CLAIM FOR VIOLATION OF THE PLAINTIFF'S CIVIL RIGHTS AS AGAINST THE CITY OF NEW YORK & THE INDIVIDUALLY NAMED NEW YORK CITY POLICE OFFICERS

40. Plaintiff repeats the foregoing allegations

41. In the manner as aforesaid, each of the defendants, jointly & severally, acted maliciously, willfully and wantonly, and outside the scope of his jurisdiction, although under color of law, and violated the following rights of the plaintiff; to be free from unreasonable arrest

, excessive force, summary punishment without trial & due process of law.

42. Defendants, its agents servants and employees, by their conduct herein alleged, intentionally, willfully and without justification, and under color of law did deprive the plaintiff of his rights, privileges and immunities secured to her by the Constitution and the laws of the United States, and by 42 U.S.C. Sections 1983 & 1988 and by the statutes and laws of the state of New York which are invoked under the pendant jurisdiction of this Court for the three incidents of March 27, 2012, August 1, 2012 and December 18, 2012.. His rights were violated because he was deprived on his liberty as stated above.

## FIFTH CLAIM- MONELL VIOLATION

43. The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

44. That the City of New York is a "person" within the meaning of 42 USC Section 1983.

45. That City of New York, through a policy, practice or custom, directly caused the constitutional violations suffered by the plaintiff.

46. Upon information & belief, the City of New York, at all relevant times, was aware that the defendants and other members of the NYPD, and lawless officers who have previously committed acts similar to those herein complained of, have a tendency and predisposition for unlawful, illegal and unconstitutional conduct and or have been poorly trained, supervised and disciplined.

47. A number of members of the New York City Police Department have been convicted of crimes involving corruption, perjury, making false allegations against civilians and other criminal activity.

48. In the year 2011, former Brooklyn South Narcotics Division officer Jerry Bowen was convicted of homicide and attempted murder while he was under indictment for other crimes.

49. Former NYPD Commissioner Bernard Kerik was convicted of corruption related crimes in connection with his employment with the NYPD and served time in federal prison.

50 .In *Colon v the City of New York*, Nos. 09 cv 8, 09 cv 9 (JBW) 2009WL 4263362 (EDNY November 25, 2009), the federal court stated that an " informal inquiry by this court and among the judges of this court, as well as knowledge of cases in other federal & state courts has revealed anecdotal evidence of repeated, widespread falsification by arresting officers of the NYPD.

51.There has been a patter of abuse and false arrest by officers of the NYPD as evidenced by numerous lawsuits by persons of color, mostly for drug related offenses. The actions include the following brought in the US District Court for the Eastern & Souther Districts of New York  Bey v  v NYC, et al 09-03595 , Strong v NYC et al, 10-01602,  Brown v NYC et al 11-02277 , Stephens v NYC et al 11-05281 , Rhone v the City of New York , 12-cv-00747  Goodwin v the City of New York, 04-01482. Weston v the City of New York, 06-1513 ; In this case the plaintiff was a 52 year old college graduate with no criminal record who had suffered from a stroke shortly before the incident.  The plaintiff, who was employed at Wagner High School as a teacher's assistant, also had to fight eviction proceedings because he lived in an apartment owned by the New York City Housing Authority .Nielson v the City of New York , Patterson v NYC et al 10-cv-00231  Lawrence v The City of New York, 11-05066.  Archipoli v the City of New York, 10-1986 , where there were several plaintiffs, including a 17 year old boy, and 39 year old William Archipoli who was confined to a wheelchair at the time as he suffers from muscular dystrophy The plaintiffs were in their own home on Staten Island when P.O. Orsini and others entered 219 Jefferson Street. The officers drew guns on all, including the wheelchair bound plaintiff. Criminal charges were filed and later dismissed in Richmond County Criminal Court.;Coleman v the City of New York 11-2574, Rosenblum v the City of New York, 07 cv-02158. Thompson v the City of New York,  Ohagan v the City of New York 09-05597 Bennett The v City of New York, 11-1929.Bunche v the City of New York, 10-cv-5731.  Morrow v NYC

et al 11- 03054  George v NYC et al 10-cv-02407 Morrow v NYC et a; 11-03054  Butta et al v NYC, 11-cv-02843, Hewitt v NYC et al 09-00214, Goodwin v NYC 04-01482,, Olushesi v NYC et al 09- 01754, Patterson v NYC 10-00231, Johnson,v NYC et al 10-02407, Canlo v NYC 11-00052, Bennett v NYC, et al 11-cv-01929, , Hosang v NYC , et al 12-00751, Tung v NYC, 08-00181,  Green v NYC et al 09-01825, Whittaker v NYC et al 08-03209, Mangal & Burton v NYC, 07-3777,  Knox v NYC et al 00-00027, and Kelly v NYC et al al 10-08438 This is a total of 36 separate actions. P.O. Vincent Orsini has ben sued in at least 16 separate lawsuits

52. Despite the foregoing, the City of New York exercised deliberate indifference to the aforementioned abuses against civilians such as the plaintiffs by failing to take remedial action. The City failed to properly train, retain supervise discipline and monitor the defendants ad other members of the service guilty of similar abuses.

53. The City's failure to act resulted in a violation of the plaintiff's constitutional rights

54.   At all times material to this complaint, defendant THE CITY OF NEW YORK had de facto policies, practices, customs and usages which were a direct and proximate cause of the unconstitutional conduct alleged herein.

55. At all times material to this complaint, defendant THE CITY OF NEW YORK failed to properly train, screen, supervise, or discipline employees and police officers, and failed to inform the individual defendants' supervisors of their need to train, screen, supervise or discipline the individually named defendants .  The policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein, causing injury and damage in violation of plaintiff's constitutional rights as guaranteed under 42 U.S.C. § 1983 and the United States Constitution, including its Fourth and Fourteenth Amendments.

56. As a result of the foregoing, plaintiff was deprived of liberty, suffered  emotional

injury, pain and suffering, great humiliation, costs and expenses, and was otherwise damaged and injured.

WHEREFORE, the plaintiff respectfully preys to the court for judgment upon each cause of action as follows:

a. Compensatory damages in an amount which this Court shall consider to be just and fair:

b. Punitive and exemplary damages in an amount which this Court shall consider to be just & fair;

c. Attorney's fees in an amount which this Court shall consider just & fair;

d. Together with the costs and disbursements of this action and such other and further relief which this Court may seem just & proper.

DATED: BROOKLYN, NY

March 13, 2015

------------------/s/-------------------------
MICHAEL COLIHAN (MC-0826)
Attorney for the Plaintiff
44 Court Street
Suite 906
Brooklyn, NY 11201
(718) 488-7788